PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN PÉREZ-FERRAO, Defendant and Appellant.

No. 3158.   Argued May 20, 1927.—Decided May 26, 1927.

*Dubón & Ochoteco* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The information against the appellant was filed in the trial court by the prosecution on May 6, 1926, and the trial was set for the 22nd of September of the same year, or more than one hundred and twenty days thereafter, and on that account the defendant moved the lower court to dismiss the case. The district attorney opposed the motion and alleged that the court had been constantly busy from the date of the filing of the information until the month of June in the prosecution of criminal cases; that early in June the cases had been continued for want of funds with which to pay the witnesses and other expenses; that during July and August the court had been in recess, and that immediately after the opening of the term in September the court had been constantly busy in the trial of criminal cases, the trial of this case having been set for one of the days when the court had an opportunity to hear it. The court overruled the motion of the defendant, the case went to trial and judgment was rendered against the defendant, who appealed therefrom to this court.

Subdivision 2 of section 448 of the Code of Criminal Procedure provides that unless good cause to the contrary be shown, the court shall order the prosecution to be dismissed where a defendant whose trial has not been postponed upon his application is not brought to trial within one hundred and twenty days from the filing of the information. So that in order to destroy the right of a defendant to have the prosecution against him dismissed when he is not brought to trial within the one hundred and twenty days from the filing of the information against him there must exist a good cause to the contrary that must be shown by the district attorney to the satisfaction of the court. In the present case nothing was shown to justify the decision of the court in refusing to dismiss the prosecution, because the mere statement by the district attorney that there had existed certain circumstances which in his opinion justified

the delay in having a trial is not evidence as to their existence.

The judgment appealed from must be reversed and the prosecution of the case dismissed.